UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAIM HERMAN AKA CHARLES HERMAN; ESTEEM PRODUCTIONS, LLC,<br><br>Plaintiffs,<br><br>- against-<br><br>FEDEX FREIGHT,<br><br>Defendants. | Civil Action No.<br>7:19-cv-02816 (VLB)(PED)<br><br>**ANSWER TO**<br>**AMENDED COMPLAINT** |

Defendant, FEDEX FREIGHT, INC. ("FEDEX"), responding to the allegations of Plaintiff's Amended Complaint alleges as follows:

1. Defendant lacks sufficient knowledge or information to respond to the allegations of Paragraph 1 the Amended Complaint and therefore denies the same.

2. Defendant lacks sufficient knowledge or information to respond to the allegations of Paragraph 2 the Amended Complaint and therefore denies the same.

3. The allegations of Paragraph 3 are admitted.

4. The allegations of Paragraph 4 are admitted.

5. Defendant lacks sufficient knowledge or information to respond to the allegations of Paragraph 5 of the Amended Complaint and therefore denies the same.

6. Defendant lacks sufficient knowledge or information to respond to the allegations of Paragraph 6 of the Amended Complaint and therefore denies the same.

7. The allegations of Paragraph 7 are denied.

8. The allegations of Paragraph 8 are denied.

9. The allegations of Paragraph 9 are denied.

10. The allegations of Paragraph 10 are denied.

11. The allegations of Plaintiff's prayer for relief are denied.

12. Each and every allegation of Plaintiff's Amended Complaint not specifically admitted herein is denied.

## AFFIRMATIVE DEFENSES

13. To the extent that Plaintiff's Complaint seeks to impose duties on FEDEX and obtain recoveries from FEDEX that exceed those provided by the Carmack Amendment, 49 U.S.C. § 14706, it must be dismissed. Because the Carmack Amendment provides the sole and exclusive duty applicable to FEDEX and preempts any and all state law and federal common law duties applicable to FEDEX, Plaintiff's Amended Complaint, to the extent it seeks to impose any duty or obtain any recovery in excess of that provide by 49 U.S.C. § 14706, fails to state a claim upon which relief can be granted and should be dismissed.

14. To the extent Plaintiff seeks recovery for attorneys' fees, this claim must be dismissed because such fees are not recoverable under the Carmack Amendment, and the Carmack Amendment preempts any state statute or common law allowing for the recovery of such fees.

15. FEDEX's liability to Plaintiff, if any, is limited to the value declared by Plaintiff and/or the released rate valuation in accordance with the Bill of Lading, the FEDEX tariff governing the shipment, and the National Motor Freight Classification NMF 100 Rules, as provided by 49 U.S.C. § 14706 and other applicable federal statutes and regulations.

16. The Carmack Amendment, 49 U.S.C. § 14706, limits the liability, if any, of FEDEX to the actual loss or injury to the property regardless of how the loss or damage may have occurred. Accordingly, FEDEX is not liable for any damages alleged by Plaintiff other than the actual loss or damage, if any, to Plaintiff's freight.

17. The shipment of Plaintiff is subject to all terms and conditions of FEDEX's tariff, the NMF 100, the Bill of Lading, and all contracts applicable to the shipments, certain provisions of which bar or limit Plaintiff's claims.

18. To the extent that Plaintiff accepted delivery of its freight without noting any exceptions on either the Bill of Lading or the delivery receipt, Plaintiff bears the burden of proving items were damaged while in possession of FEDEX.

19. Plaintiff failed to mitigate its damages, if any.

20. Plaintiff's claims are barred to the extent evidence has been spoliated due to destruction and/or modification by Plaintiff.

21. Plaintiff did not timely file a valid claim with FEDEX within nine (9) months of the date of delivery of the allegedly damaged freight, and Plaintiff's claims are accordingly barred.

22. Plaintiff's claims, if any, failed to meet the requirements of 49 C.F.R. Part 370 and are, therefore, barred.

23. Plaintiff's claims are barred because the goods at issue here were damaged due to, among other things, the negligence of the shipper in failing to properly pack and secure the goods for transportation and in failing to inform FEDEX of the characteristics of the goods and their propensity to sustain damage if not handled with special care.

24. Plaintiff's claims are barred because the goods, if damaged, were damaged due to the inherent vice or nature of the goods and their propensity to sustain damage during transportation.

25. Plaintiff's claims are barred due to the refusal of the shipper to allow inspection and/or testing of the goods.

WHEREFORE, defendant, FEDEX, respectfully requests that the Amended Complaint be dismissed with prejudice, that judgment be entered in its favor and against Plaintiff, and for its costs in defending this matter.

Dated: New York, New York
      April 22, 2019

GEORGE W. WRIGHT & ASSOCIATES, LLC

BY: *[signature: George W. Wright]*
GEORGE W. WRIGHT
Attorneys for Defendant
88 Pine Street
New York, NY 10005-1801
(201) 342-8884

TO:   CHAIM HERMAN AKA CHARLES HERMAN
and ESTEEM PRODUCTIONS, LLC
Plaintiffs Pro Se
6 Medical Park Drive, Suite 104
Pomona, NY 10970

## DECLARATION OF SERVICE

GEORGE W. WRIGHT declares that he is not a party to this action and is over 18 years of age. That on April 22, 2019 deponent served the within Answer to Amended Complaint by ECF and regular mail on the following:

CHAIM HERMAN AKA CHARLES HERMAN
and ESTEEM PRODUCTIONS, LLC
Plaintiffs Pro Se
6 Medical Park Drive, Suite 104
Pomona, NY  10970

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 22, 2019.

_____
GEORGE W. WRIGHT